MEMORANDUM**
Araya Wolde-Giorgis appeals pro se the district court’s judgment affirming the bankruptcy court’s order denying his action seeking a hardship discharge of his student loans under 11 U.S.C. § 523(a)(8). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. We review de novo, In re Saxman, 325 F.3d 1168, 1172 (9th Cir.2003), and we affirm.
The bankruptcy court correctly determined that appellant is not entitled to discharge his student loans because he failed to establish all three prongs of the undue hardship test. See In re Pena, 155 F.3d 1108, 1110-11 (9th Cir.1998). Appellant failed to satisfy the second prong of the undue hardship test in that he submitted no evidence that his alleged health conditions preclude employment. Cf. id. at 1113-14 (second prong of hardship test established where debtor testified about a serious ongoing mental illness and her testimony was corroborated by a letter awarding disability benefits); see In Re Ritchie, 254 B.R. 913, 916 (Bankr.D.Idaho 2000).
Because appellant failed to satisfy the second prong, we need not consider whether he made a good faith effort to repay his loans. See In re Rifino, 245 F.3d 1083, 1089 n. 4 (9th Cir.2001).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.